Your Honors, under the Immigration and Nationality Act Section 101A43M1 makes a crime an aggravated felony if it involves fraud and the loss to victim exceeds $10,000. There are two prongs to this defense. It has to be a crime. Judge, before you proceed, I had trouble looking at the record. A lot of the records that were reproduced, the dates were unclear. And could you clear up for me, leaving aside anything that happened later, is it true that on the date of her plea, the felony complaint accurately stated the losses caused by Mrs. Kharana's conduct? Yes, Your Honor, that's correct. All right. Then the second factual issue, you argue that Mrs. Kharana made full restitution after her plea but prior to sentencing. The government states that she was first sentenced to one year in prison and ordered to pay restitution, and then she did, and then she received a sentence reduction after she paid the court-ordered restitution. Can you point to anything in your characterization that she made restitution prior to sentencing? No, Your Honor. I agree with you that the records are not very clear. However, I can tell you that the restitution was paid before she was sentenced and before she was found guilty. A vast majority of the restitution, which was under $10,000, was paid before she pled guilty to the crime. Can you direct me to the record that indicates that? Unfortunately, the record does not – we don't have any information in the record that says it. However – Well, if it's not in the record, then it wouldn't be proper for us to consider it. Your Honor – That's the difficulty. Is there a reason that it's not in the record? Your Honor, the government, when they submitted the records, they did not submit all the documents, the criminal documents. And at that time, when Respondent was – excuse me, the Petitioner was charged in the Immigration Court, was issued the NTA, all the documents had not been there because the record wasn't all there. The criminal record hadn't – I mean, the proceedings had not finished at that time. And that's why we don't have all the records. But did you ask us to supplement the record in any way in this Court? Have you filed a motion to that effect? No, Your Honor, I have not, because I felt that that was not required in this case, because we believe that the Board's decision is not valid for a couple of reasons that I was going to bring to your attention today. Your Honor, as I mentioned before, that the aggravated felony section requires not only a fraud and deceit, but also requires a loss of $10,000. And simply fraud and deceit is not enough, based on the plain language of the statute. A totally separate section of the aggravated felony makes an attempted fraud an aggravated felony. That's section U. And – but my client was not charged with that section. He was charged with – Whoever has a cell phone can please leave the courtroom with the cell phone. Your Honor, my client was not charged with that section. He was charged – he was charged with fraud under section M, where loss to victim exceeded $10,000. The Board's decision is illegal, and it should be reversed for two main reasons. Number one, it found my client removable on a ground that he was not even charged with. He was – I mean, the Board, in the decision, said that there is no requirement under the section M for there be even a loss to victim, which is clearly contrary to the language of the statute. Clearly contrary. If you look at the Board's decision at the bottom, they said that there does not even have to be a loss to victim. Number two, Your Honor, the Board found my client removable on a ground that he was not even charged with on the NTA. That's a clear due process violation. In the decision, the Board cited a case, administrative case, which stands for the proposition that even attempted fraud, offense, is an aggravated felony, but that's under a totally separate section of the law. Totally separate section, so it's a due process violation. It's ultra-virus. The Board did not have the authority to do so. And, Your Honor, it's an extremely well-settled thing in this Court, is that an alien is not deportable on a ground simply because the government could have deported him on that ground, but chose not to do so. And we believe in this case that's exactly what the Board did. They found my client deportable on a ground that she was not even charged with. And, Your Honor, the Supreme Court has held that this Court, or any Court for that matter, does not have authority to make a post hoc rationalization of the Board's decision or an agency's decision. I think the case was SEC versus Chenery Corporation, where they said that you can only affirm or deny the case based on the grounds cited by the Board or the administrative agency. In their 28-J letter, the government also cited a couple of cases which are completely irrelevant in this case. They said that we failed to, first of all, when the Board denied the case, my client was not required to file a motion to reopen because that's not a remedy as of right. And this Court has said it in several decisions, that it's not, we were not required to file a motion to reopen to bring that to the Board's attention. As I mentioned before, the Board was required to clearly define whether the loss to victim exceeded $10,000 in this case. And we believe that it's the actual and the not intended loss that determines whether somebody is deportable on this ground. But this, there's one thing that an intended loss would be where there would be no actual loss. But if there, here there was a loss, but there was restitution. Yes. So wouldn't you agree that's different than intended loss? Yes, Your Honor, it's different. However, Your Honor, suppose if somebody defrauded a bank and after they were charged or even before they were charged with the offense of fraud, vast amount of restitution was already paid. Your Honor, then obviously there was, the loss to victim is reduced by the amount of restitution. Under Federal Sentencing Guidelines, the courts often look at what is the actual loss. But see, I don't, I have trouble with the guidelines as a benchmark because we're not, it's not a sentencing issue. It's a question of what you've been convicted of. So let's say you're convicted of tax, tax fraud, or you're convicted of grand theft because of the amount. It doesn't somehow turn into petty theft because you pay the money back. Aren't you still convicted of grand theft? Yes, Your Honor, that's correct. However, Your Honor, in this case, the issue is what is the loss to the victims. The issue is not what she was found guilty of. It's what's the loss to the victim for, for, for this section, for. From your argument, it seems to me that if she paid it back a year later, two years later, three years later, it would convert this felony into something different. Is that true? No, Your Honor, no. Your Honor, I just want to. We're talking about whether or not it's a crime. And suppose, suppose she committed the crime. She took over $10,000 away, but she pays him back before she gets charged. Can they still charge her on the crime, even though she's paid the money back? Yes, Your Honor, they can. They can. They can. So it has nothing to do with the crime itself. I don't see the distinction between paying it back before she's charged and paying it back after she's charged as to how the crime itself changes. Your Honor, the distinction comes into play, for example, a sentence in immigration context that's, that is reduced from a one-year sentence to 364 days determines, a modified sentence determines whether, under a totally separate section of immigration law. I can't hear the sentence. Just, just tell me how. Yes. How, I just don't quite see how if you pay it back before you're charged, it doesn't change the crime, but if you pay it back after you're charged, it does change the crime, not the sentence. I'm talking about the crime. Your Honor, it doesn't change the crime. As I mentioned before, that she could still be charged with, with the same crime even if she had paid restitution before she was charged with the crime. So what you're really talking about is something that happens at sentencing. Prior to the sentence. Yes. She's not ordered to pay the restitution. She paid it before she was sentenced. But the statute doesn't, doesn't focus on sentencing. It focuses on the crime. Right. I don't see where sentencing gets involved in our determination of whether or not she's been charged with the crime. Right. Your Honor, I believe that the statute is ambiguous. And because it's ambiguous, any ambiguity is one of the canons of statutory interpretations is that any ambiguity must go. You say there's an ambiguity? It looks pretty clear to me. Your Honor, I, you know, I agree that based on the language of the statute, yes, she did, she was found guilty of a crime where the loss to victim exceeded at the time she was charged, at the time she was pled guilty. However, my argument is that because the restitution was paid, the court should look prior to the sentencing and. I understand that. Thank you. Thank you, Your Honor. Thank you. Thank you. May it please the court, William Minnick for the respondent. Petitioner's conviction for obtaining money or property by false pretenses constitutes an aggravated felony within Section 101A43M of the Immigration and Nationality Act. Petitioner does not contest that she was convicted of an offense that involves fraud or deceit. And the felony complaint in this case that Petitioner pled to establishes that her conviction caused a loss to the victim above the statutory threshold. The fact that Petitioner repaid the victims does not change the fact that her victims lost more than $10,000. Counsel, just for my own information, did she repay it before or after sentencing? It, it looks to me, Your Honor. It may not make any difference, but I would like, I couldn't tell from the record. Certainly, at page 175, there is a judgment, and it's, it's titled Curing Probation and Sentencing, and it's dated September 30th. And if you go towards the bottom third, where it says jail prison, it shows the total term imposed as one year. That's page 175 of the record on, on September 30th. Then if you flip forward to page 159, it looks like this was a subsequent hearing. And the title at the top, where it says hearing, is hearing on motion. And then at the bottom, we're under the jail or prison category. It says three and a half months served on a one year sentence. So, what it looks like to me is that she was sentenced in September 30th to one year on record at 175. And then after she made restitution, maybe she made a motion for resentencing, and her sentence was reduced because she had made full restitution record at 159. So there'd be two sentencing, yes. It, it looks that way to me, Your Honor, although I would encourage the court to focus not, not on the sentence. I say it may not be relevant, but I am trying to figure out the record. Yes, ma'am. I couldn't figure it out. Okay, thank you. And the record is, is a little cluttered, and it's hard to reconstruct everything. But I think the one thing that is clear on the record is the felony complaint. And the felony complaint that she pled guilty to clearly establishes that for each count, the loss was over $10,000. She pled no low contender rate to counts two, three, five, and seven. And the loss, which she pled no low contender rate to, was 11,000, 23,000, 17,000, and 26,000. She pled guilty in April 2002, and the government would encourage the court to focus on, on the offense that she pled guilty to as opposed to whatever happened in sentencing. So the net result is, in your view, is that she could get a lower sentence because she paid restitution. But it wouldn't change her deportability because of the aggravated felony. That's right, Your Honor. And I think this court's case in Chang is instructive. In Chang, there was a plea agreement and then a restitution order. And the plea agreement was that Chang had pled guilty to $600, an amount well below the statutory threshold, but was ordered to pay restitution above the statutory threshold, like $26,000. The INS said that she was deportable as an aggravated felon for a fraud offense over $10,000. This court in Chang said that it doesn't really matter what the restitution was. What matters is the offense that you plead guilty to. And in that case, Chang had pled guilty to a fraud offense involving only $600 so that she was not an aggravated felon. And I think Chang's instructive here because it focuses on what the defendant pled guilty to, as opposed to whatever restitution was eventually made. As I said before, that she does not contest that she was convicted of an offense that involves fraud or deceit, and the only real issue is whether her restitution eliminates her aggravated felony conviction. The relevant statute makes no reference to sentencing. Section 101A43M is talking about the offense someone's convicted of, and it makes no reference to sentencing. Restitution isn't an element of the offense, and it's unrelated to the criminal conduct which she pled guilty to. Therefore, the fact that she eventually made restitution can't be used to negate the fact of her conviction in the first place, especially since it's clear from the record that she pled no low contendory to the charge in the felony complaint. And each charge in the felony complaint had an amount over the statutory threshold. Petitioner's approach, if the court were to adopt it, would mean that essentially a petitioner could buy their way out of an aggravated felony conviction by paying back the money before sentencing. Which obviously, the court should not adopt such an approach. And restitution doesn't mean the loss never occurred. Obviously, the victims in this case were out the money. And the fact that they were maybe eventually made whole through subsequent restitution doesn't erase the elements of the crime that petitioner pled guilty to, or no low contendory to. Unless the court has additional questions. Well, this may not make any difference in the long run, but you claim we owed Chevron deference. And we have a case that says that in a one member unpublished BIA decision is not due Chevron deference. They say it may not make a difference in this case, but that is a 9th Circuit Garcia-Quintero simply says we don't apply Chevron deference where it's a one member unpublished BIA decision. I just thought I'd point that out for the future. Thank you, Your Honor. Judge Wallace indicated that, and I agree with what Judge Wallace said, is that the statute doesn't appear to be ambiguous in the first place. So I don't, and I agree with that. I don't think the statute is ambiguous in this case. So I don't even think the court needs to go to the next step and determine whether it needs to apply Chevron deference. Thank you. Thank you. We ask the court to deny the petition. Thank you. Mr. Amag, you may have a minute for rebuttal, if you'd like. All right. If you can put a minute on the clock, please. Your Honor, I would just like to point to the court, as I mentioned earlier, that this court can affirm or deny the BIA's decision based on what, based on the ground they relied on. And you can look at the decision. It clearly states, in fact, the board's decision states at the very end that there need not even be a lost victim for somebody to be found guilty of an aggravated felony under this section. Therefore, I believe a remand is appropriate in this case for the board to clarify the decision. Because if the board's decision stands as it is, then someone who was charged with fraud, but there was no loss to victims at all, which is another case that the board can come up and say, well, it doesn't need to be a loss. And number two, this violates the notice requirement of the due process clause. Because they clearly charged her, I mean, the NTA charged her on a separate ground, whereas the board found her also deportable on another ground. Thank you. Thank both counsel for your arguments this morning. The case of Carrana versus Gonzalez is submitted.
judges: Wallace, D.W. Nelson, McKeown